[No. 832. Decided May 23, 1893.]

THE CITY OF SPOKANE, *Respondent*, v. FRANK WILLIAMS, *Appellant*.

VAGRANCY — CONVICTION UNDER MUNICIPAL ORDINANCE.

Although a city may be authorized to punish, but not to define, the crime of "vagrancy," yet a conviction under an ordinance defining the crime and providing punishment therefor will be valid when the complaint states facts sufficient to constitute a crime under the statute defining vagrancy.

*Appeal from Superior Court, Spokane County.*

*James L. Crotty*, and *Hyde, Glass & Reagan*, for appellant.

*P. Q. Rothrock*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—The appellant was convicted of violating an ordinance of the city of Spokane concerning vagrancy, and urges here that the city ordinance is unauthorized and void, because the city was only authorized by the legislature to punish vagrants, and not to define the crime of "vagrancy." The discussion of this question is not in point here, for in this case the complaint, which was brought under the provisions of the ordinance, states facts sufficient to constitute a crime under the general law defining "vagrancy."

The contention that the ordinance in question ceased to exist upon the 1st day of February, 1886, because the act by which the charter was amended went into effect on that day, is fully answered by §93 of the amendatory act (Laws 1885–6, p. 323), which provides that "all valid ordinances of the city of Spokane Falls, when this act takes effect, . . . and until the same are repealed, and all

rights vested and liabilities incurred when this act takes effect shall not thereby be lost, impaired or discharged.''

The testimony objected to, we think, was admissible.

Finding no error, the judgment is affirmed.

ANDERS, HOYT, STILES and SCOTT, JJ., concur.